JOHN QUINN v. JOHN C. HEISEL

*Arrests for threatened breaches of the peace.*

Whether a municipal ordinance can justify arrests without process, where common law principles do not—*Q.*

Arrests may be made without a warrant for a breach of the peace committed in the presence of the officer.

Arrest cannot be made on information or suspicion, and without a warrant, for past offenses.

Threats or other indications of an intended breach of the peace will not justify an arrest without a warrant, unless the facts warrant the officer in believing it necessary for preventing their immediate execution; as where the threat is coupled with some overt act.

Arrests without process to prevent threatened breaches of the peace are not justified unless the breach has proceeded far enough to sustain proceedings against the person committing it, without reference to past similar offenses which he may have committed before the officer arrived.

Error to Kent. Submitted April 9. Decided April 22.

TRESPASS by Heisel against Quinn for an assault and battery. Quinn claimed to be a policeman of Grand

Rapids, and gave evidence to show that the alleged assault consisted in forcibly arresting Heisel under a city ordinance, for disorderly conduct towards a number of laborers who were laying side track in front of his house. There was testimony that he used profane and abusive language to them, swore he would kill some of them, approached them with an axe, threatened to cut their heads off, and raised the axe as if he was about to strike one of them. He resisted arrest, and in the struggle was thrown down and handcuffed. The complaint for trespass was tried in a justice's court, where defendant had judgment. On appeal to the circuit court, plaintiff recovered and defendant brings error.

*Hughes, O'Brien & Smiley* for plaintiff in error, argued that an officer may arrest without warrant where a breach of the peace has been committed and is about to be renewed, and that the jury are to determine whether it was about to be, and cited some of the cases reviewed in the opinion, and *Main v. McCarty*, 15 Ill., 441; *Com. v. Hastings*, 9 Met., 259; *Taylor v. Strong*, 3 Wend., 385.

*D. E. Corbitt* for defendant in error.

MARSTON, J. A careful examination of the record fails to show that plaintiff in error has any cause of complaint. The court certainly charged the jury, as to the right of an officer to make arrests without warrant for breaches of the peace, as favorably as common law rules would warrant, and we are not at present prepared to say that an ordinance of the city of Grand Rapids could authorize arrests without process in cases not justified by common law principles. The evidence on the part of the plaintiff tended to show that at the time of the arrest there was no disturbance, either actual or threatened, while that on the part of the defendant tended to show not merely a reasonable and probable apprehension

of a violation of the ordinance, but an actual disturbance, and the jury was charged that under such circumstances, if a disturbance was found to exist, defendant was justified.

The court was requested to charge that if there had been a breach of the peace, before defendant arrived, and that plaintiff was about to renew his disorderly conduct, and continue the said breach in presence of the officer, then defendant would be justified in arresting him, even though the disturbance had temporarily ceased before defendant came on the ground; also, if the jury found as matter of fact that plaintiff had been guilty of a breach of the peace before defendant came where he was, and defendant knew the fact, and had reasonable and probable cause to believe plaintiff was about to renew his offense, then he was justified in arresting; also, that if the officer received information from the bystanders that there had been a tumult and that plaintiff was the cause of it, of which fact plaintiff was afterwards found guilty, and plaintiff in presence of defendant made use of language indicating an intention on his part to continue the disturbance, then defendant had a right to arrest without process. These requests were refused, and under the facts in the case, we think properly.

There are many loose general statements in the books as to the right of officers to make arrests without warrant. That they have a right to arrest for breaches of the peace committed in their presence is conceded by all. It is equally clear that they cannot arrest for a past offense, not a felony, upon information or suspicion thereof, although expressions may be found which would seem to assume such power. How far or when they may interfere by an arrest to prevent a threatened breach of the peace is not equally clear. We are of opinion that a threat or other indication of a breach of the peace will not justify an officer in making an arrest,

unless the facts are such as would warrant the officer in believing an arrest necessary to prevent an immediate execution thereof, as where a threat is made coupled with some overt act in attempted execution thereof. In such cases the officer need not wait until the offense is actually committed. To justify such arrest the party must have gone so far in the commission of an offense that proceedings might thereafter be instituted against him therefor, and this without reference to any past similar offense of which the person may have been guilty before the arrival of the officer. The object of permitting an arrest under such circumstances is to prevent a breach of the peace, where the facts show danger of its being immediately committed.

A reference to some of the authorities may not be inappropriate. In *Regina v. Mabel*, 9 C. & P., 474, the jury was charged that, under the circumstances stated by the policeman, he had no authority to lay hold of the defendant unless they were satisfied that a breach of the peace was likely to be committed by the defendant on the person in the parlor. In *Timothy v. Simpson*, 1 C., M. & R., 757, the plea justifying the imprisonment alleged that an affray had been committed, and it appeared that there was danger of its immediate renewal. In *Grant v. Moser*, 5 Mann. & G., 123, it was said there should be a direct allegation either of a breach of the peace committing at the time, or that a breach had been committed and that there was reasonable ground for apprehending its renewal. In *Baynes v. Brewster*, 2 A. & E. (N. S.), 384, a plea to a declaration for false imprisonment was held bad which showed that the violent and illegal conduct was over, and it was not stated nor did it appear that it would have been repeated if the apprehension had not taken place. In this case WILLIAMS, J. said: "It is not a question, in this case, how far a constable is justified in interfering where an affray is going on in his presence: but no principle is more generally assumed than that a warrant is necessary to entitle him

to interfere after the affray is over. It is otherwise where the facts shew that the affray is practically going on. That is on account of the obvious distinction, as to public danger, between a riot still raging and one no longer existing." WIGHTMAN, J. in speaking of the right to arrest during the affray, and while there is a disposition shown to resist it, quotes from *Timothy v. Simpson* as follows: "Both cases fall within the same principle, which is that, for the sake of the preservation of the peace, any individual who sees it broken may restrain the liberty of him whom he sees breaking it, so long as his conduct shews that the public peace is likely to be endangered by his acts." In *Wheeler v. Whiting*, 9 C. & P., 262, PATTESON, J. said: "the defendant pleads that the plaintiff was making a disturbance in the house, and ready and desirous to commit a breach of the peace, whereupon he gave him in charge to the policeman, to be dealt with according to law; the policeman, however, was not justified in taking him, unless he saw some breach of the peace committed: on a charge of felony it would be different;" and the learned justice doubted whether a plea which stated that the plaintiff was intending to commit a breach of the peace was good. In *Howell v. Jackson*, 6 C. & P., 723, PARKE, B. distinctly and clearly instructed the jury that to make out the defense they must be satisfied that plaintiff had committed a breach of the peace, and that the watchman saw him do so. In *Knot v. Gay*, 1 Root (Ccnn.), 66, it was said an arrest might be made to prevent a breach of the peace which was about to take place. In *The State v. Brown*, 5 Har. (Del.), 507, it was said: "A peace officer, such as a constable or sheriff, has the right to arrest, even without warrant, a person concerned in a breach of the peace, or other crime; or when he has reasonable ground to suspect the party of such offence." Clearly this last clause does not state the law correctly in not limiting the right to cases of felony. In *McCullough v. The Commonwealth*, 67 Penn. St., 32, it was

said: "A constable may justify an arrest for a reasonable cause of suspicion alone," citing in support *Russell v. Shuster*, 8 W. & S., 309, which was a case of suspicion of felony. In *Commonwealth v. Carey*, 12 Cush., 252, SHAW, C. J., said: "that a constable or other peace officer could not arrest one without a warrant, for a crime proved or suspected, if such crime were not an offence amounting in law to felony." Other cases might be referred to.

There is little danger of being misled by the cases in which it is held an officer may make arrests to prevent a threatened breach of the peace. The interposition in the case of merely threatened violence is not for the purpose of an arrest in the ordinary sense, but as a peace officer to prevent a disturbance or breach of the peace under a present menace of violence.

The judgment must be affirmed with costs.

The other Justices concurred.