SMITH *v.* MARTIN.

MARRIED WOMEN—ANTENUPTIAL CONTRACTS—LIABILITY OF HUS-
BAND.

Article 16, § 5, of the Constitution, which provides that the
property of a married woman shall not be liable for her hus-
band's debts, and 3 Comp. Laws 1897, § 8693, which provides
that "the husband of any married woman shall not be liable
to be sued upon any contract made by such married woman
in relation to her sole property," abrogate the common law
making a husband liable for his wife's antenuptial contracts.

Error to Hillsdale; Chester, J. Submitted April 13,
1900. Decided May 2, 1900.

*Assumpsit* by Edward J. Smith against William T.
Martin and Cora Martin, his wife, for goods sold and
delivered to the wife prior to the marriage. From a judg-
ment for plaintiff, defendants bring error. Reversed.

*F. A. Lyon*, for appellants.

*B. E. Sheldon* and *Sampson & Barre*, for appellee.

GRANT, J. The sole question presented upon this
record is, Have the Constitution and act relative to the
rights of married women abrogated the rule of the com-
mon law that a husband is liable for the antenuptial con-
tracts of his wife? The court below held that they had
not. By section 5, art. 16, of the Constitution, all the
property of every female acquired before marriage, and
all property acquired after marriage by gift, grant, inherit-
ance, or devise, remains her property during coverture,
and is not liable for the husband's debts, and may be
devised and bequeathed by her as if she were unmarried.
The first section of the married woman's act of 1855 goes
further than the constitutional provision, and authorizes

the wife to contract, sell, transfer, mortgage, and convey her separate property.   The third section provides for the bringing of actions by and against a married woman in relation to her sole property.   The fourth section reads as follows:

"The husband of any married woman shall not be liable to be sued upon any contract made by such married woman in relation to her sole property, and the wife shall be liable to be sued upon any contract or engagement made by her in cases where her husband is not in law liable, or where he refuses to perform such contract or engagement, and, in any case herein authorized, the cause of action shall be deemed to have accrued from and after the passage of this act."   3 Comp. Laws 1897, § 8693.

It has been very generally held by the courts of the States that the married women's acts, which make them the absolute owners of all their property, confer upon them the right to make contracts with reference thereto, and make them liable thereon, do not abrogate the common-law incidents of the marital relation which are not within the evident purpose of the act.   Among these is the common-law liability of the husband for his wife's antenuptial contracts.   *Kies* v. *Young*, 64 Ark. 381 (42 S. W. 669, 62 Am. St. Rep. 198), and cases cited.   Counsel for plaintiff rely much upon the fact that there is no express abrogation in the married woman's act of this common-law liability, and upon the rule that statutes in contravention of the common law must be strictly construed.   Courts will not hold the principles of the common law abrogated by implication, unless the common law and the statute are in direct conflict.   The chief justice, in *Kies* v. *Young*, *supra*, dissented, applying the maxim, "*Cessante ratione, cessat etiam lex*."   Counsel, in their briefs, have not given us the benefit of the statutes of other States upon which the decisions are based.   To have a controlling influence, the statutes of those States must be substantially like our own.

Counsel cite *Bertles* v. *Nunan*, 92 N. Y. 165 (44 Am.

Rep. 361), where the contention was that the married woman's act of that State changed by implication the common-law rule that, when land was deeded to husband and wife, they took by the entirety. The court held otherwise, saying: "The court certainly ought not to go faster than the legislature in obliterating rules of law under which many generations have lived and flourished, and the best civilization of any age or country has grown up." We are in entire accord with this statement; but there is a change by implication, and the duty of the courts is imperative to determine in each case what the manifest intent of the legislature was. If there is a plain conflict between the common law and the statute, the latter must control. There is nothing in the New York statute or in ours to indicate any purpose to change the common-law rule as to tenancy by the entirety. See *Fisher* v. *Provin*, 25 Mich. 347.

In both the cases above cited, the court held that, under the married woman's acts in those States, the common-law right of tenancy by the common curtesy remains, while we have held that, under our statute, tenancy by the curtesy is abolished. *Tong* v. *Marvin*, 15 Mich. 60.

We have examined the statutes of several States whose decisions are cited to support plaintiff's contention, and we find none which contains provisions like that of section 8693 of our statute. The Arkansas decisions differ from ours in other respects. That court holds that, under their statute, the husband and wife cannot contract with each other, while this court has held to the contrary. *Randall* v. *Randall*, 37 Mich. 563. The decisions of the court prior to 1883 upon the effect of this act are cited in *Edwards* v. *McEnhill*, 51 Mich. 160 (16 N. W. 322). Decisions since rendered are in harmony with those.

At the common law, the husband is not liable for any postnuptial contracts made by the wife in regard to her separate property, but is only liable for her contracts *dum sole*. Unless, therefore, the statute included antenuptial contracts, there would seem to be some force in the con-

tention that there would be none to which it could apply. However this may be, the contract of a *feme sole* remains her contract when she becomes a married woman, and is then the contract of a married woman. We think the above section clearly includes those contracts which she made while a *feme sole*. They relate to her sole property, become the contracts of a married woman, and are within the statute declaring that the husband cannot be sued upon any contract made by her in relation to her sole property.

Judgment reversed, and entered in this court for defendants.

The other Justices concurred.