### COOK v. HASTINGS.

1. Arrest—Without Warrant—Authority of Police Officer.
   Except for a breach of the peace committed in his presence, or when he has reasonable ground to believe that the person arrested is a felon, or is about to commit a felony, a police officer has no authority to arrest without a warrant.

2. Same—Breach of the Peace—What Constitutes.
   The arrest without a warrant of a person suspected on reasonable grounds of having committed a misdemeanor is not justifiable on the ground that, when discovered waiting on the street behind a tree, in the evening, he refused to state his name or business, and gave the police officer making the arrest a false explanation for being there, such acts not amounting to a breach of the peace.

3. False Imprisonment—Unlawful Arrest—Liability—Participating Officers.
   Officers in charge of a patrol wagon called by the officer making an unlawful arrest, and in which the person arrested was conveyed to the police station, are jointly liable with the arresting officer for the entire damage caused the person arrested, though they had no knowledge of the unlawfulness of the arrest and intended to act in the strict discharge of their official duties.

4. Courts—Rules of Decision—Application of Law.
   An argument that, under the law declared in the opinion of the court, police officers will be compelled either to neglect their duty of preserving order or to make unlawful arrests, is in effect an appeal for a change in the law and should be addressed to the tribunal having authority to make such change; since the court has no alternative but to apply the law as it is.

Error to Wayne; Donovan, J. Submitted October 15, 1907. (Docket No. 30.) Decided December 10, 1907.

Case by John Cook against Edward F. Hastings, Thomas Stack, and James McDermott for an assault and battery and false imprisonment. There was judgment for defendants, and plaintiff brings error. Reversed.

*Edward S. Grece,* for appellant.

*A. B. Hall,* for appellees.

Carpenter, J. The three defendants are each members of the police force of the city of Detroit. December 6, 1904, between 8 and 9 p. m., defendant Hastings arrested plaintiff on Columbia street in said city of Detroit. Hastings was looking for a man who had been exposing his person to women and children, and—stating the facts most favorably to defendants—he believed and had reason to believe plaintiff to be that man. The arrest was made because of that belief, and because plaintiff refused to state his name or his business, and gave a false explanation (perhaps it was a false explanation) for waiting on the street behind a tree where Hastings discovered him. After the arrest, Hastings placed plaintiff in a patrol wagon of which defendants Stack and McDermott were in charge, and carried him to the central police station, and the undisputed evidence compels the inference that while in the wagon plaintiff was in the joint custody of the three defendants. Soon after the patrol wagon reached the central station, plaintiff was given his liberty. He brought this suit to recover damages for false imprisonment. It was tried in the circuit court before a jury. The trial judge directed a verdict in favor of defendants Stack and McDermott, and submitted to them the question of defendant Hastings' liability, and they returned a verdict in his favor.

The law governing this case is elementary. Except for a breach of the peace committed in his presence, or when he has a reasonable ground to believe that the person arrested is a felon, or is about to commit a felony, a police officer has no authority to arrest without a warrant. In this case there was not only no reasonable ground to believe, but there was not even a suspicion, that plaintiff was a felon or was about to commit a felony, for the offense of which he was suspected was not a felony. It is equally clear that refusal to make any explanation to the police

officer was not a breach of the peace. *Klein* v. *Pollard,* 149 Mich. 200.   The arrest was therefore illegal, and the trial court should have directed a verdict against defendant Hastings.   The liability of the other defendants, legally speaking, is equally clear.   During his conveyance in the patrol wagon, plaintiff was just as much in their custody as he was in Hastings'.   It is then quite correct to say that they assisted defendant Hastings in depriving plaintiff of his liberty.   It is true they rendered this assistance, not by actually laying their hands on plaintiff, but by a voluntary display of force which was intended to and did deprive him of his liberty.   The law governing this question is correctly stated in a note, 12 Am. & Eng. Enc. Law (2d Ed.), p. 777 (citing *Griffin* v. *Coleman,* 4 H. & N. 265), as follows:

"If an arrest by a constable is in its inception wrongful, all other constables who act and assist in the continuance of the wrongful imprisonment are responsible for the entire damage thereby caused to the plaintiff, although they had no knowledge of the unlawfulness of the imprisonment and intended to act in the strict discharge of their official duties."

The trial court should have directed a verdict for plaintiff against all of the defendants.

Defendants' counsel urge that, under the law declared in this opinion, police officers will sometimes be compelled either to neglect their duty of preserving order — a duty they owe to the public—or to make unlawful arrests, and it is also urged that that alternative was presented in this case.   If so, they must either neglect that duty or accept the risk of being held liable for the consequences.   For if they are sued, the court will pass judgment on their conduct in accordance, not with the judge's notion of justice, but in accordance with a law which condemns.   It is not for the judge presiding over the court to determine whether or not he will apply that law.   He has no choice. He did not make the law, and he cannot change it.   That law is as obligatory on him as it is on the humblest suitor

who ever appeared in his court. He is bound to apply it in determining controversies. The argument under consideration is in reality an appeal for a change of the law. It should have been addressed, not to a court, but to some other tribunal; a tribunal having authority to change the law.

Judgment reversed, and a new trial ordered.

McALVAY, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.