KING *v.* HERFURTH.

1. Pleading—Amendment—Evidence—Personal Injury.

   In action for injuries sustained by plaintiff when arrested by defendant police officers in which verdict was rendered for plaintiff, defendants were not prejudiced by an amendment of the declaration at the time of the trial so as to allege an injury consisting of a dislocated arm instead of a fractured one supported by the same evidence relative to infliction of the injury where, although defendants made an objection for the sake of the record that the amendment was not timely made, no continuance was asked.

2. ASSAULT AND BATTERY—LIABILITY OF TWO POLICEMEN MAKING
     AN ARREST.
       In action by plaintiff, a small man, against two police officers
          of large, powerful and athletic build for injuries to right arm
          sustained incident to an assault committed when they had
          both participated in arresting plaintiff by each taking one of
          his arms, both were liable for all acts within the scope of the
          undertaking although officer on left side did no injury to arm
          he had held, since there was concerted action toward a common
          end.

3. APPEAL AND ERROR—ASSAULT—FALSE IMPRISONMENT—EVIDENCE.
       In action for injuries plaintiff received when arrested by de-
          fendant policemen wherein declaration charged an assault in
          one count and false arrest or imprisonment in the second
          count, including expenditures incidental to trial resulting in
          an acquittal of charge lodged against him, where there is suf-
          ficient evidence to sustain the verdict for plaintiff on both
          counts, it will not be disturbed even though as trier of the
          facts Supreme Court might have come to a different conclusion.

Appeal from Genesee; Elliott (Philip), J. Sub-
mitted April 30, 1943. (Docket No. 95, Calendar
No. 42,413.) Decided October 11, 1943.

Case by Oliver George King against Loren Her-
furth and Harold Conger for personal injuries sus-
stained as a result of false imprisonment and
assault. Verdict and judgment for plaintiff. De-
fendants appeal. Affirmed.

*Graydon G. Withey,* for plaintiff.

*Lewis Kearns,* for defendants.

BUTZEL, J. Defendants Herfurth and Conger,
policemen of the city of Flint, Michigan, appeal
from a judgment in favor of plaintiff King, the jury
awarding him $450 on the first count and $200 on
the second count of his declaration. An amended

judgment was subsequently entered *nunc pro tunc*. Counsel filed a stipulation correcting the record submitted to us and stating that the verdict therein shown was not correct but that the judgment later entered and appealed from is in accordance with the correct verdict.

Plaintiff claims that while he was seated in the cafe, defendants arrested him without any cause whatsoever, and that while leading him out of the cafe, they used such force that they fractured or dislocated his right arm. Plaintiff was taken to a hospital where, after an anaesthetic was administered, his arm was reset. He remained in the hospital for over two days, and then he was obliged to keep his arm in a cast for approximately two months. It would serve no useful purpose to detail all the facts of the case except so far as may be necessary to answer the questions involved as presented by defendants.

The questions and our discussion are as follows:

Question 1. Do allegations of a broken arm with proof establishing only a dislocated wrist support a verdict for personal injuries?

There is proof that some years prior to the arrest complained of plaintiff had suffered an injury to his right forearm. One doctor stated that there was a slight fracture at the end of the ulna after the alleged injury by defendants, but that he could not tell whether the fracture was a new or old one. Defendants moved to dismiss on the ground that no fracture was shown and the declaration did not allege a dislocated arm. The judge permitted plaintiff to amend so as to cover the injury consisting of a dislocated arm. Defendants objected to the amendment, stating that the objection was made for the sake of the record and that the amendment was not timely made. They, however, asked for no con-

tinuance. The very same evidence related to dislocation as well as to fracture. There can be no question but that the right arm was dislocated at the wrist. Defendants were in no way prejudiced by the court permitting the amendments. The verdict was in accordance with the allegations of the declaration as amended at the trial.

We shall consider together the only two other questions presented by appellants: .

Question 2. May a verdict in assault and battery be sustained against an officer (Conger) who was using no damaging force?

Question 3. May a verdict founded on malice and wantonness be sustained against an officer (Herfurth) who had no previous acquaintance with the plaintiff and who exerted no force until after the plaintiff had resisted arrest and removal?

The jury answered in the affirmative the special question submitted to them: Whether Conger had abused his discretion through malice or wantonness or by a reckless indifference to the common dictates of humanity. Defendants claim that on the night in question about 1 a.m. they passed the cafe and that defendant Conger saw plaintiff standing in the aisle shaking his fist at someone and shouting and using profane language. When plaintiff asserted his innocence and resisted, defendant Herfurth, who also entered the cafe, assisted Conger and they both made the arrest. Plaintiff is a small man and both defendants are large, powerful and of athletic build. Plaintiff claims after they took hold of him, Conger held him ''down on one side,'' or ''held him pretty tight,'' while Herfurth applied an ''arm lock'' on him. They both thus participated in the arrest and the assault. Plaintiff testified that he warned Herfurth that he was breaking his arm. In this connection he also stated:

"Mr. Conger did not hurt his left arm. It was perfectly all right; still is."

It was thus a joint assault even though Conger did not injure the left arm. Where there is concerted action toward a common end, both parties are liable for all acts within the scope of the undertaking. *Fisher* v. *Rumler*, 239 Mich. 224. One count of the declaration is for assault; the other for false arrest or imprisonment including expenditures incidental to the trial and resulting in an acquittal by a jury. There was sufficient evidence to sustain the verdict on both counts. The record shows that plaintiff had been arrested twice before for drunkenness. Testimony for defendants indicated that plaintiff was making a disturbance in the presence of the officers, that he resisted the arrest and fought with the officers, and that the dislocation of the wrist was due to either a former injury or a congenital weakness that recurred because of plaintiff's efforts to resist arrest. We are much impressed with the testimony for the defendants and were we the judges of the facts we might have come to a different conclusion from that of the jury. However, the verdict is supported by the testimony and there is no complaint that it is against the great preponderance of the evidence or that it is excessive.

Under the circumstances, we are constrained to affirm the judgment, with costs to plaintiff.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.