*In re* YOKOM'S ESTATE.

1. Descent and Distribution—Common-Law Marriage—Question for Jury—Great Weight of Evidence.

In proceeding for determination of heirs of intestate deceased, where there was a conflict of persuasive evidence as to whether claimant had been the common-law wife of deceased, the verdict of the jury for claimant was not against the great weight of the evidence.

2. Appeal and Error—Verdict—Great Weight of Evidence.

The Supreme Court cannot hold the verdict of a jury to be against the great weight of the evidence unless it is clearly and palpably so, nor can the Supreme Court substitute its judgment for that of the jury on issues of fact merely because it is possible, or even probable, that a different result would be reached if the Supreme Court were determining the matter.

3. Same—Determination of Heirs—Admission of Declarations of Deceased—Requests to Charge—Matters Equally Within Knowledge of Deceased.

On appeal from judgment on verdict for claimant in proceeding for determination of heirs of deceased man, where verdict was not palpably against the great weight of the evidence, no reversible errors are found in admission of deceased's declaration, made 3 weeks prior to his death, that claimant, who had been living with him for upwards of 26 years, was his common-law wife, the court's refusal to adopt certain of appellant's request to charge, alleged misconduct of counsel, denial of certain motions, and the claimed admission of testimony as to matters equally within the knowledge of deceased (CL 1948, § 617.65).

---

References for Points in Headnotes

[2] 3 Am Jur, Appeal and Error, § 890.
[3] 35 Am Jur, Marriage, § 213.

Appeal from St. Clair; Stewart (Shirley), J. Submitted June 10, 1949. (Docket No. 31, Calendar No. 44,411.) Decided September 8, 1949. Rehearing denied October 14, 1949.

In the matter of the estate of George E. Yokom, deceased. On petition for determination of heirs. After appeal to circuit court, jury by its verdict determined Mary Postill Yokom to be the heir of deceased. Judgment on verdict. Rutherford M. Yokom, petitioner for and on behalf of first cousins of deceased, appeals. Affirmed.

*Walsh, Walsh, O'Sullivan & Schlee* (*W. Grafton Sharp,* of counsel), for claimant.

*Albert E. Taylor* and *Charles S. Matthews,* for cousins.

BUSHNELL, J. George E. Yokom, a long-time resident of the city of Port Huron, died on January 21, 1947, leaving no last will and testament. Mary Postill Yokom, claimant and appellee, sometimes referred to as May M. Postill, representing herself to be Yokom's widow, filed a petition for the probate of his estate, which was granted and she was appointed administratrix.

Later, Rutherford M. Yokom, appellant herein, one of the 8 first cousins of the deceased, sought vacation of the probate order and a determination of the heirs of the decedent. The probate court refused to vacate the order and determined that Mary Postill Yokom was the legal heir of the deceased. An appeal was taken to the circuit court, where the issue was tried before a jury. The verdict rendered determined that Mary Postill Yokom was the common-law wife and a judgment was entered adjudging her to be the sole heir at law of the deceased.

Among the questions raised by appellant and the counter questions propounded by appellee, the controlling and decisive one is whether the verdict of the jury was contrary to the great weight of the evidence.

The proofs show that in the fall of 1920 or 1921, Mary, then 28 years of age, began keeping company with Yokom. Later, her sister, Ada Stuart, with whom she was living, objected to Yokom and Mary being out so late at night, to which Yokom replied, "She's not your worry any more; we're married."

Mary left her sister's home that same night and thereafter lived with Yokom until his death—a period of 26 or 27 years.

At the trial some 26 witnesses testified to occasions during this period when Yokom either introduced or referred to Mary as his wife, and all of them unequivocally testified that they understood that the parties were married and that they never had any reason to question that fact.

About 3 weeks prior to his death, Yokom dictated and signed an instrument reading as follows:

"Declaration of George E. Yokom.
"To WHOM IT MAY CONCERN: I have lived with Mary Postill, and I hereby declare her my common-law wife according to the State of Michigan, and she has helped me to make my estate.
(Signed) GEORGE E. YOKOM."

This declaration was sworn to before Edna Blanche Whiting, a notary public, who was Yokom's secretary during the later years of his life.

Following this declaration, on January 8, 1947, George E. Yokom and Mary Postill Yokom, as husband and wife, executed deeds to certain properties in Port Huron to a third party, Ada Stuart, and she in turn reconveyed to George and Mary, "husband

and wife, as joint tenants with right of survivorship and not as tenants in common."

Appellant Rutherford M. Yokom produced several witnesses who were friends of the deceased and former officers of the Elks Club, of which he was a member. They testified that although they had known him for many years they never knew him to be a married man. Other testimony was received showing that during the years that George and Mary lived together he executed certain deeds and mortgages in which he described himself as a single man. Some of these instruments were witnessed by May M. Postill.

In his 1946 income-tax return Yokom claimed no exemption for Mary; nor did he refer therein to a dependent wife. Mary voted through the years at various elections under the name of May M. Postill, and testified under the name of Mary Postill in the municipal court of Port Huron in a case in which Yokom was the complainant.

This conflict of persuasive evidence tends to sustain the contentions of both parties and was submitted to a jury under proper instructions as to the law respecting common-law marriages. We cannot hold its verdict to be against the great weight of the evidence unless it is clearly and palpably so, *Lewis* v. *Whitney,* 238 Mich 74; nor can we substitute our judgment for that of the jury on issues of fact merely because it is possible, or even probable, that a different result would be reached if we were determining the matter, *King* v. *Herfurth,* 306 Mich 444; and *Gleason* v. *Hanafin,* 308 Mich 31.

The verdict of the jury is not against the great weight of the evidence.

Other questions raised have been examined, including claimed errors in admission of Yokom's declaration, the court's refusal to adopt certain of appellant's requests to charge, claimed errors in the

charge, alleged misconduct of counsel, denial of certain motions, and the claimed admission of testimony as to matters equally within the knowledge of the deceased.* In none of these matters do we find any reversible error.

The judgment entered upon the jury's verdict is affirmed, with costs to appellee.

Sharpe, C. J., and Boyles, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.

---

* See CL 1948, § 617.65 (Stat Ann § 27.914).—Reporter.