DELUDE v RAASAKKA

OPINION OF THE COURT

1. ARREST—AUTHORITY—MUNICIPAL CORPORATIONS—HOME-RULE CITIES.

The home-rule cities act limits a city police officer's authority to arrest outside the city limits to the crime for which a person was pursued (MCLA 117.1 *et seq.*).

2. ARREST—AUTHORITY—MUNICIPAL CORPORATIONS.

City police officers pursuing a defendant beyond the city limits for a traffic violation have no authority to arrest the defendant for either a breach of the peace or for resisting arrest.

3. ARREST—AUTHORITY—POLICE OFFICERS.

Police officers have authority to arrest outside their county, city, or village when they are acting in conjunction with officers regularly employed to enforce the laws outside that county, city, or village (MCLA 764.2a).

4. FALSE IMPRISONMENT—UNLAWFUL ARREST—POLICE OFFICERS—CIVIL LIABILITY.

Any policemen who act and assist in an unlawful arrest are responsible for the entire damage caused to the person arrested even if they had no knowledge of the unlawfulness and intended to act in the strict discharge of their duties.

5. FALSE IMPRISONMENT—UNLAWFUL ARREST—LIABILITY.

The argument that a rule of law holding all policemen assisting in an unlawful arrest liable for the entire damage to the plaintiff will force police officers to either neglect their duties

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 8, 9, 11] 5 Am Jur 2d, Arrest §§ 50, 51.

[4, 5] 32 Am Jur 2d, False Imprisonment § 18.

[6] 32 Am Jur 2d, False Imprisonment §§ 104, 105, 112.

[7] 5 Am Jur 2d, Arrest § 94.

Modern status of rules as to right to forcefully resist illegal arrest, 44 ALR3d 1078.

[10] 5 Am Jur 2d, Arrest § 38.

or run the risk of incurring liability is not properly addressed to a court but rather to the Legislature.

6. DAMAGES—AVOIDABLE CONSEQUENCES—INSTRUCTIONS TO JURY.

The trial court did not err in refusing to instruct the jury as to the doctrine of avoidable consequences in an action for false arrest where testimony indicated that the plaintiff had exercised reasonable care in mitigating damages by promptly seeking medical attention.

7. ARREST—UNLAWFUL ARREST—RESISTANCE TO ARREST.

A person may use such force as is reasonably necessary to resist an unlawful arrest.

DISSENT BY VAN VALKENBURG, J.

8. ARREST—AUTHORITY—MUNICIPAL CORPORATIONS—HOME-RULE CITIES.

*The home-rule cities act provides city police officers with the same authority as the sheriff of the county to arrest a person outside the city who has committed a crime within the city, thereby clothing the city officers with authority to arrest a pursued person for crimes other than that for which he was originally pursued beyond the city limits (MCLA 117.34).*

9. ARREST—AUTHORITY—POLICE OFFICERS—ASSISTANCE.

*Police officers summoned to assist other police officers who have pursued beyond city limits a person who has committed a crime within the city are clothed with the same authority as the pursuing officers, i.e., they have statutory authority to act as officers of the county with respect to the person pursued; or even if they be regarded as private citizens, they have been summoned by duly-authorized peace officers to assist in making a valid and proper arrest (MCLA 117.34, 764.2a, 764.16).*

10. ARREST—AUTHORITY—PRIVATE CITIZENS—BREACH OF THE PEACE.

*A private person had the power at common law to arrest for breach of the peace committed in his presence, and because this power is not inconsistent with the statute enumerating the powers of a private person to make an arrest, it has not been abrogated by the statute (MCLA 764.16).*

11. ARREST—POLICE OFFICERS—BREACH OF THE PEACE.

*An arrest for breach of the peace by city police officers beyond the city limits is not necessarily unlawful since private persons*

*may arrest without a warrant a person committing a breach of
the peace in their presence.*

Appeal from Genesee, Anthony J. Mansour, J.
Submitted Division 2 February 1, 1972, at Lansing.
(Docket No. 10418.) Decided September 26, 1972.
Leave to appeal granted, 388 Mich 803.

Complaint by John C. Delude against Benny
Raasakka and John Porn for damages for unlawful
arrest and assault and battery. Judgment for
plaintiff. Defendants appeal. Affirmed.

*A. Glenn Epps,* for plaintiff.

*Edward H. Devoe,* for defendants.

Before: DANHOF, P. J., and T. M. BURNS and VAN
VALKENBURG,* JJ.

T. M. BURNS, J. On January 27, 1967, plaintiff
was allegedly unlawfully assaulted, arrested, and
imprisoned by the defendants and others, all mem-
bers of the Flint Police Department. Plaintiff filed
a complaint against the defendants; and after a
jury trial on the merits, obtained a judgment in
the amount of $10,300. Defendants' timely motion
for a new trial was denied July 27, 1970, and they
now appeal.

Two officers of the Flint Police Department on
the date in question observed the plaintiff driving
a vehicle at excessive speeds within the City of
Flint. The officers pursued the plaintiff and stop-
ped him at a point beyond the corporate limits of
the city. After being stopped, the plaintiff got out
of his vehicle and upon request gave his driver's
license to one of the officers. A short time later
two other police cars from the City of Flint arrived

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

at the scene. One of these cars was manned by the defendants.

At this juncture, there is a substantial dispute in the facts surrounding plaintiff's arrest. Plaintiff contended that he was pushed around and beaten for no apparent reason both at the site where he was originally stopped and later at the police station.

The police account is quite different. The officers who had initially stopped the plaintiff testified that plaintiff became boisterous and used foul language and that additional officers, including the defendants, were summoned to assist in subduing the plaintiff. Plaintiff was arrested for breach of the peace and resisting arrest. In any event, the jury considered all of the evidence in the case and returned a verdict in favor of the plaintiff.

Defendants raise three issues on appeal. They will be discussed in the order presented below.

1. *Did the trial court err by instructing the jury that the arrest of the plaintiff was unlawful and that anyone assisting in the arrest was equally liable?*

It is the defendants' position that the plaintiff's arrest was lawful for the reason that the city charter of Flint clothes the city police with the same power as the sheriff of the county for making arrests outside of the city limits. We disagree.

Despite the numerous citations by the defendants with respect to the validity of the Flint charter provision which purportedly gives extra-city effect to the arrest powers of Flint policemen,[1]

_____
[1] "Section 35. Powers of Division of Police. The Director of Public Safety and all members of the division of Police shall have the same powers as Sheriffs and Constables in serving civil or criminal process and making arrests within the state, both within and without the city; they shall have power to arrest, without process, any person who in the presence of the arresting officer shall be engaged in the

none of the cases cited can be said to stand for the proposition that a home-rule city's charter can vest such a power in law enforcement officers. The home-rule cities act, MCLA 117.1 *et seq.;* MSA 5.2071 *et seq.,* contains no such provision. The sole section dealing with the arrest power of policemen for home-rule cities is found at MCLA 117.34; MSA 5.2114, which provides:

"When any person has committed or is suspected of having committed any crime or misdemeanor within a city, or has escaped from any city prison, the police officers of the city shall have the same right to pursue, arrest and detain such person without the city limits as the sheriff of the county."

There is no authority interpreting this section of the home rule cities act to guide us. The clear import of the statute, however, is that a home-rule city police officer's authority to arrest outside of the city is limited to arresting for the crime for which the person was pursued. Therefore, in the present case, the Flint police officers who observed the plaintiff driving at excessive speeds within the city and stopped him outside of the city only had the power to arrest the plaintiff for a traffic violation. They had no authority to arrest the plaintiff for either a breach of the peace or for resisting arrest.

In a further attempt to justify the plaintiff's arrest, defendants rely upon the following statute:[2]

"Any peace officer of any county, city or village of this state may exercise authority and powers outside his own county, city or village, when he shall be enforcing the laws of the state of Michigan in conjunction

violation of any state law or city ordinance and to detain such person until complaint can be made and process issued for his arrest, which complaint shall be made as speedily as possible after such arrest."

[2] MCLA 764.2a; MSA 28.861(1).

with the Michigan state police, or in conjunction with any peace officer of the county, city or village in which he may be, the same as if he were in his own county, city or village."

From this, defendants erroneously argue that since the officers who originally stopped the plaintiff for a traffic violation had the same authority as the sheriff of the county, the officers were "enforcing the laws * * * in conjunction with any peace officer of the county".

We can find no authority, nor has any been cited to us, which would support the novel theory advanced by the defendants. After a close reading of the plain language of the statute, we conclude that the statute here in question confers upon the police authority to act outside of their county, city, or village only when they are acting in conjunction with peace officers regularly employed to enforce the laws outside of that county, city, or village.

In the instant case, the Flint police were acting in conjunction with other Flint policemen while all of them were without the corporate limits of the city. No amount of abstract legal reasoning can magically transform the Flint policemen into sheriff's deputies. Flint policemen they were, and Flint policemen they remained.

Therefore, since the Flint officers were not acting in conjunction with peace officers from the area in which the arrests were made, the statute is wholly inapplicable to the instant case.

In view of the foregoing, we hold that the plaintiff's arrest was unlawful.

In addition, defendants assert that it was error for the trial court to instruct the jury that all participating officers in the unlawful arrest were liable. We disagree.

The law governing this issue is well settled. In *Cook v Hastings,* 150 Mich 289 (1907), the Michigan Supreme Court held that if an arrest by a policeman is unlawful, all of the other policemen who act and assist in that arrest are responsible for the entire damage caused the plaintiff, although they had no knowledge of its unlawfulness and intended to act in the strict discharge of their duties. *Accord, King v Herfurth,* 306 Mich 444 (1943).

However, the defendants impliedly argue that under this rule a policeman will be forced to either neglect his duty or run the risk of incurring liability for wrongful arrests. In answer to this argument, we quote with approval the following language of the Court in *Cook v Hastings, supra,* at 291–292, wherein the same argument was asserted.

"If they [policemen] are sued, the court will pass judgment on their conduct in accordance, not with the judge's notion of justice, but in accordance with a law which condemns. It is not for the judge presiding over the court to determine whether or not he will apply that law. He has no choice. He did not make the law, and he cannot change it. That law is as obligatory on him as it is on the humblest suitor who ever appeared in his court. He is bound to apply it in determining controversies. The argument under consideration is in reality an appeal for a change of the law. It should have been addressed, not to a court, but to some other tribunal; a tribunal having authority to change the law."

We hold, therefore, that the trial court's instructions on this issue were not erroneous.

2. *Did the trial court err in failing to charge as to the doctrine of avoidable consequences?*

The defendants contend that the trial court

should have given their requested instruction on the doctrine of avoidable consequences. We cannot agree.

The doctrine of avoidable consequences is applicable where the plaintiff has not exercised reasonable care in mitigating damages after a wrongful act has been committed; *e.g.,* where plaintiff fails to seek proper medical attention when reasonable, and the failure to do so aggravates the injuries and increases the damages. See 22 Am Jur 2d, Damages §§ 30, 31.

In the instant case, there was no testimony which would show that plaintiff's damages were increased by a failure to seek medical treatment. On the contrary, the record reveals that the plaintiff went to a doctor shortly after being released from jail.

Therefore, the doctrine of avoidable consequences is not applicable to the facts of the present case, and the trial judge properly refused to charge as to this doctrine.

3. *Did the trial court err in charging the jury that plaintiff might use reasonable force to resist an unlawful arrest?*

Finally, defendants contend that it was error for the trial court to charge the jury that the plaintiff was entitled to use reasonable force in resisting an illegal arrest. Defendants' contention is without merit.

A party may use such force as is reasonably necessary to resist an unlawful arrest. *People v Krum,* 374 Mich 356 (1965); *People v Gray,* 23 Mich App 139 (1970); *People v Bonello,* 25 Mich App 600 (1970).

We hold, therefore, the trial court's instructions on this point were not erroneous.

Affirmed.

DANHOF, P. J., concurred.

Van Valkenburg, J. *(dissenting).* This appeal
involves an interpretation as to the extent of
authority granted police officers to make an arrest
outside of their jurisdictions. I have concluded that
the one arrived at by my distinguished colleagues
is in error, and, therefore, respectfully dissent.

First, it must be emphasized that the defendants
herein were not the officers who observed and
pursued plaintiff's speeding vehicle, but rather
they were among the officers who responded to the
pursuing officers' radio call for assistance.

The sole issue with which we are concerned
centers around the question of whether or not the
trial court erred by instructing the jury that the
arrest of the plaintiff was unlawful, and that
anyone assisting in the arrest was equally liable.

The pertinent parts of the charge given by the
trial judge read as follows:

" * * * that the police officers, Bade and Korb, had
no right to arrest the plaintiff for a breach of the peace.

* * *

"Therefore, you will not concern yourself with the
breach of the peace or resisting of arrest since that
could not serve as a basis for a lawful arrest. Once
these defendants left the city of Flint, they were acting
as private citizens and not as police officers.

* * *

"Officers Bade and Korb did not have legal authority
to arrest the plaintiff. Their act of arresting and taking
him into custody and imprisoning him in the city jail
constituted false imprisonment. If you find that these
defendants or either of them wrongfully assisted officers
Bade and Korb in the false imprisonment, then you will
return a verdict against the defendants in favor of the
plaintiff.

* * *

"First of all, you start out with the proposition that officers Bade and Korb had no right to make an arrest. And so whatever they did from the point that they attempted to restrain the plaintiff onward throughout all these proceedings was done without any authority because they were outside their bailiwick; that is, they were outside the City of Flint.

"But, then they put in a call for help and the defendants arrived on the scene. But when the defendants left the City of Flint, they too were without any authority to act as police officers."

Analysis of the above clearly indicates that the learned trial judge, in effect, directed a verdict for the plaintiff. The trial court's charge to the jury was in error for two reasons: (1) it would appear that under these circumstances defendant officers were statutorily vested with the authority to arrest in their official capacity, and (2) even if the officers were acting as private citizens, private citizens have the power to make an arrest for breaches of the peace committed in their presence.

### The authority of a policeman to arrest outside his bailiwick.

The status of defendant officers is largely dependent upon the status of the officers who pursued plaintiff from within the corporate limits of Flint to the point of arrest just outside the city limits. In this regard I cannot agree with the statutory interpretation expressed by my brother judges in the majority opinion. The majority opinion reads into the statute defining the powers of arrest of policemen of home rule cities, MCLA 117.34; MSA 5.2114,[1] the limitation that a person who is pur-

---

[1] MCLA 117.34; MSA 5.2114 provides:

"When any person has committed or is suspected of having committed any crime or misdemeanor within a city, or has escaped from any city prison, the police officers of the city shall have the same right to

sued from within the city to some point outside
the city limits can only be arrested for the crime
for which that person was pursued. The statute
contains no such limitation. On the contrary, the
statute specifically provides: "When any person
has committed * * * any crime or misdemeanor
within a city * * * the police officers of the city
shall have the *same right to * * * arrest* and
detain such person without the city limits *as the
sheriff of the county"*. (Emphasis added.)

The Legislature has expressly provided that po-
lice officers of home rule cities shall have the same
right to arrest outside the city a person who has
committed a crime within the city as would the
sheriff of the county. The very use of the language
"the same power" connotes that the pursuing
police officers shall have the statutory authority to
arrest the person pursued for any crime for which
the sheriff could arrest under similar circum-
stances. MCLA 117.34, *supra,* thus, in effect,
makes the pursuing police officer an officer of the
county with respect to the person pursued, with
powers to arrest that person which are co-exten-
sive with those of the sheriff.

The original pursuing officers were thus clothed
with the statutory power to arrest plaintiff for
breach of the peace and resisting arrest.[2] What
then was the status of the defendants who an-
swered the pursuing officers' call for assistance?
Since the pursuing officers were clothed with the
statutory authority to act as officers of the county
with respect to plaintiff, the defendants were like-
wise clothed with the same authority by virtue of
MCLA 764.2a; MSA 28.861(1) which provides:

---

pursue, arrest and detain such person without the city limits as the
sheriff of the county."

[2] Plaintiff admitted both at trial and in oral argument before this
Court that he was speeding within the Flint city limits and was
pursued by the original officer to a point just outside the city limits.

*"Any peace officer of any county, city or village of* this state *may exercise authority and powers outside his own* county, *city* or village, *when he shall be enforcing the laws of the state of Michigan* in conjunction with the Michigan state police, *or in conjunction with any peace officer of the county,* city *or village in which he may be, the same as if he were in his own* county, *city* or village." (Emphasis supplied.)

It should also be noted that even if defendants were acting merely as private citizens, they would have the power to arrest, since they had been summoned by duly-authorized peace officers to assist said officers in making a valid and proper arrest. See MCLA 764.16; MSA 28.875.

Clearly the pursuing officers had the statutory right to act as peace officers, and to effectuate plaintiff's arrest for any crime, even though they were outside their own bailiwick. Defendants were thereby also clothed with the same authority when they answered the call for assistance. Any other statutory construction would create the anomalous result of requiring the assisting officers to run the risk of possible civil liability when requested to assist a duly-authorized brother officer. Such a result obviously was not intended by the Legislature, nor is it in accord with the public policy of this state. As stated in *Odinetz v Budds,* 315 Mich 512, 518 (1946):

"If possible, any doubt should be resolved in favor of an honest discharge of duty by peace officers, and the courts should not place them in fear of responding in damages for the lawful and proper discharge of that duty."

*Arrest for breach of the peace by a private citizen.*

Notwithstanding the above discussion with regard to whether the defendants were statutorily

authorized to act as peace officers, it is clear that
the trial court erred in holding that neither the
original officers nor defendants could arrest plain-
tiff for breach of the peace if acting as private
citizens. The law with regard to the right and
power of a private citizen to arrest for breaches of
the peace is succinctly stated in OAG, 1947–1948,
No 375, pp 317, 318–319 (May 20, 1947):

"Private persons retain the common-law power to
make arrests for felonies and breaches of the peace
committed in their presence, *People v Moore,* 2 Doug 1,
4 [1845]; *Quinn v Heisel,* 40 Mich 576, 580 [1879]; *Ross v
Leggett,* 61 Mich 445, 449 [1886]; *People v McLean,* 68
Mich 480, 485 [1888], as well as arrests for felonies
which have in fact been committed, although not in
their presence, provided they are able to prove a rea-
sonable ground for believing that the person arrested
committed the felony. *Maliniemi v Gronlund,* 92 Mich
222, 227 [1892]; *Filer v Smith,* 96 Mich 347 [1893].

"Care should be exercised in arresting for a felony
not committed in the presence of the arresting individ-
ual, for in justifying such an arrest the arresting indi-
vidual must be able to prove that a felony was in fact
committed and a reasonable ground existed for believ-
ing that the person arrested committed the same. See
*Maliniemi* and *Filer* cases, *supra.*

"3 Comp Laws 1929, § [17150], section [16], ch 4, code
of criminal procedure Stat Ann § 28.875, provides:

'A private person may make an arrest—

'(a) For a felony committed in his presence;

'(b) When the person to be arrested has committed a
felony although not in his presence;

'(c) When summoned by any peace officer to assist
said officer in making an arrest.'

"In addition to the foregoing powers continued by
statute, private persons still possess the power to arrest
for breaches of the peace committed in their presence,
the common law respecting such arrests not being
inconsistent with the foregoing statute. Principles of
the common law are not abrogated by implication un-

less the common law and the statute are in direct conflict. *Smith v Martin,* 124 Mich 34, 35 [1900]. It is never presumed that the legislature intended to make any innovation upon the common law any further than the case absolutely requires in order to carry an act into effect. *Wales v Lyon,* 2 Mich 276, 282 [1851]; *Garwols v Bankers Trust Co,* 251 Mich 420, 425 [1930]."

The Michigan rule would thus appear to be in accord with the generally accepted rule as stated in 6 CJS, Arrest, § 8, p 607:

"A private person may, ordinarily, arrest without a warrant one committing a breach of the peace in his presence."

See, also, 5 Am Jur 2d, Arrest, § 34, p 726, which states:

"The authority of a private person to arrest without warrant is more limited than that of an officer. Nevertheless, the common law accorded a private person extensive powers to arrest without warrant for felonies and breaches of the peace committed in his presence, and on probable cause for past felonies, provided they had actually been committed."

For a fine discussion of the power of arrest of a police officer who pursues a misdemeanant to a point outside his jurisdiction and thus must act as a private citizen, see *State v Hodgson,* 200 A2d 567 (Superior Court of Delaware, 1964).

For the reasons set forth herein, I find that the trial court's charge to the jury was erroneous and caused incalculable prejudice to defendants. While the jury might well find that the plaintiff's actions did not constitute a breach of the peace, and thus find that plaintiff was falsely arrested and imprisoned, it is a question for the jury. I would therefore vote to reverse and remand for a new trial.