DELUDE v RAASAKKA

1. ARREST—STATUTES—MISDEMEANORS—PURSUIT FROM CITY—POLICE
   —SHERIFFS AND CONSTABLES—BREACH OF PEACE—ASSAULT AND
   BATTERY.

   Under a statute which provides that when a person has commit-
   ted any misdemeanor within a city the police officers of the city
   shall have the same right to pursue, arrest and detain such
   person without the city limits as the sheriff of the county, city
   police officers assume the power and authority of a county
   sheriff when pursuit crosses the city limits and certainly a
   sheriff has the right to protect himself and others in effecting
   an arrest, the authority and duty to do what is reasonable
   under the circumstances to effect an arrest, and the authority
   to arrest for resistance, breach of peace and assault against his
   person (MCLA 117.34).

2. ARREST—REASONABLE FORCE—RESISTING ARREST—STATUTES.

   The right of police officers of a city under a statute to arrest and
   detain carries with it the right to use reasonable force in case
   of resistance (MCLA 117.34).

3. ARREST—STATUTES—PURSUIT FROM CITY—SHERIFFS AND CONSTA-
   BLES—BREACH OF PEACE—ASSAULT AND BATTERY.

   The statutory right of a police officer to pursue across city limits
   and to assume the rights of a sheriff in so doing encompasses
   the right to arrest for the resistance and breach of the peace or
   the assault of a police officer following that pursuit (MCLA
   117.34).

4. ARREST—POLICE—PURSUIT FROM CITY—SHERIFFS AND CONSTABLES—
   REASONABLE FORCE.

   City police may pursue a violator outside the city limits in order
   to make an arrest and in doing so are clothed with the
   authority of a sheriff; the police have the right to use that force
   reasonable under the circumstances to effect such an arrest and

REFERENCES FOR POINTS IN HEADNOTES
[1, 3–5] 5 Am Jur 2d, Arrest §§ 50, 51.
[2] 5 Am Jur 2d, Arrest § 81.
[6] 53 Am Jur, Trial § 508 *et seq.*

the police also may take what action is reasonable to protect themselves in the course of an arrest or an attempted arrest.

5. ARREST—POLICE—PURSUIT—ASSAULT AND BATTERY—BREACH OF PEACE.

It would be contrary to common sense and respect for law and debilitating to law enforcement generally if an offender could be "home free" because he manages to cross the limits of a local governmental unit; therefore (1) if the pursuit by police officers is legally justified and (2) if, in the course of effecting a resultant lawful arrest by reasonable means, the police officers are assaulted or such arrest is resisted or a breach of the peace is committed by actions against the officers, they have the right also to arrest without warrant for such offenses.

6. FALSE IMPRISONMENT—FALSE ARREST—ASSAULT AND BATTERY—INSTRUCTIONS—APPEAL AND ERROR—ARREST.

Instructions to the jury in a case for false arrest, false imprisonment and assault and battery were in error by stating that two police officers had no legal authority to arrest plaintiff except for the original offense and in the conclusion that taking plaintiff into custody and placing him in jail constituted false arrest and false imprisonment; therefore, it was also erroneous to instruct the jury that plaintiff had the right to use such physical force as was necessary to prevent his unlawful arrest.

Appeal from Court of Appeals, Division 2, Danhof, P. J., and T. M. Burns and Van Valkenburg, JJ., affirming Genesee, Anthony J. Mansour, J. Submitted November 8, 1973. (No. 10 November Term 1973, Docket No. 54,412.) Decided March 19, 1974. Rehearing denied April 16, 1974.

42 Mich App 665 reversed.

Complaint by John C. Delude against Benny Raasakka and John Porn for damages for false arrest, false imprisonment and assault and battery. Judgment for plaintiff. Defendants appealed to the Court of Appeals. Affirmed. Defendants appeal. Reversed and remanded for a new trial.

*A. Glenn Epps,* for plaintiff.

*Patrick H. Hynes,* for defendants.

M. S. Coleman, J. This action was brought by plaintiff against two officers of the Flint Police Department, claiming that they falsely arrested and imprisoned him and committed assault and battery. The jury found for plaintiff and awarded $10,300 in damages.

At approximately 2:30 a.m. on January 25, 1967, two officers of the Flint Police Department (Korb and Bade, who are not parties to this suit) observed a Ford pickup truck speeding within the City of Flint. They pursued the truck across the city limits a short distance and stopped it for the purpose of issuing a summons. Plaintiff eventually paid the resultant fine without contest. After the stop an altercation arose. One of the officers called for assistance. The defendants responded to this call.

Plaintiff maintains that he was arrested, assaulted and imprisoned for no reason. Defendants state that they responded to a legitimate call for assistance and were required to use force to stop a breach of the peace and resistance to arrest.

## *JURY INSTRUCTIONS*

The trial judge instructed the jury in part as follows:

"[T]hat the police officers, Bade and Korb, had no right to arrest the plaintiff for a breach of the peace.

\*   \*   \*

"So far then as pursuing, detaining or arresting the Plaintiff in this case because of the traffic violation, Officer Bade would have been in the right had he placed the Plaintiff under arrest, even outside the city, for the traffic offense. It is what we refer to as the hot pursuit statute. But, that statute permits the police to

arrest the offender for that offense but nothing else. Therefore, you will not concern yourself with the breach of the peace or resisting of arrest since that could not serve as a basis for a lawful arrest. Once these Defendants left the City of Flint, they were acting as private citizens and not as police officers.

\*    \*    \*

"Officers Bade and Korb did not have legal authority to arrest the Plaintiff. Their act of arresting and taking him into custody and imprisoning him in the city jail constituted false imprisonment. If you find that these Defendants or either of them wrongfully assisted Officers Bade and Korb in the false imprisonment, then you will return a verdict against the Defendants in favor of the Plaintiff.

\*    \*    \*

"In resisting the arrest initially by Officers Bade and Korb, the plaintiff had a right to use such physical force as was necessary to prevent his unlawful arrest."

The court continued by saying "there is no question that Plaintiff was assaulted and battered by the Defendants." The jury had to decide whether defendants "had legal justification to do so."

At the close of the instructions, defendants' attorney made an objection. He argued "this jury has been told that they must find a verdict against the Defendants". He stated that the charge to the jury had reduced the case to a question of damages. The court did not agree.

By a ten-two vote, the jury awarded plaintiff a judgment of $10,300, but did not disclose which theory was utilized to impose liability.

The Court of Appeals affirmed at 42 Mich App 665; 202 NW2d 508 (1972). The majority held that plaintiff could only have been arrested for the traffic violation which occurred within the city. Their interpretation of the statutes would not

allow any other action by the officers. The majority held "that the plaintiff's arrest [for breach of the peace and resisting arrest] was unlawful" and "that all participating officers in the unlawful arrest were liable".

Judge VAN VALKENBURG dissented. He saw the sole issue as being "whether or not the trial court erred by instructing the jury that the arrest of plaintiff was unlawful, and that anyone assisting in the arrest was equally liable". His analysis of the instructions indicated "that the learned trial judge, in effect, directed a verdict for the plaintiff". His review of the statutes disclosed that the officers had the right and authority to arrest plaintiff and the assisting officers had the right to help make the arrest. He voted to remand for a new trial.

## *ISSUE*

May city police officers called to assist other city police officers who observed defendant violating a traffic law and pursued him to a point outside the city limits lawfully assist in a subsequent arrest for breach of the peace and resisting arrest, which alleged conduct occurred in the course of issuing a citation for the violation?

## *ARGUMENTS*

In essence, defendants' argument is based upon the dissent in the Court of Appeals. They claim that the initial team of officers had the authority to pursue plaintiff outside the Flint city limits and arrest him for the subsequent breach of peace and resistance to arrest which took place in the course of trying to issue the citation. Defendants urge the conclusion that they had the authority and duty to

respond to a call for assistance from brother offi-
cers. They assert that the trial court's instructions
constituted a directed verdict and thereby elimi-
nated any chance for a favorable jury decision on
the question of liability. All that was left for the
jury was the question of damages.

Plaintiff contends that the trial court gave the
jury accurate and fair instructions. His interpreta-
tion of the statutes would not permit the police to
arrest outside the city limits for any offense other
than that which caused the pursuit. Because the
arrests for breach of the peace and resisting arrest
were unlawful, any assistance in an official capac-
ity was unlawful.

## STATUTES

Among the statutes involved is MCLA 117.34;
MSA 5.2114, which reads:

"When any person has committed or is suspected of
having committed any crime or misdemeanor within a
city, or has escaped from any city prison, the police
officers of the city shall have the same right to pursue,
arrest and detain such person without the city limits as
the sheriff of the county."

## DISCUSSION

This case was submitted to the jury on three
theories of liability: false arrest, false imprison-
ment[1] and assault and battery. The last could

---

[1] False imprisonment has been defined as " 'the unlawful restraint
of an individual's personal liberty or freedom of locomotion.' " *Stow-
ers v Wolodzko,* 386 Mich 119, 134; 191 NW2d 355 (1971). The Court
of Appeals in *Hess v Wolverine Lake,* 32 Mich App 601; 189 NW2d 42
(1971) said at p 604:

"The essence of a claim of false imprisonment is that the imprison-
ment is false, *i.e.,* without right or authority to do so. *Donovan v. Guy*
(1956), 347 Mich 457, 464 [80 NW2d 190]; *Barker v. Anderson* (1890),
81 Mich 508, 511 [45 NW 1108]; *Carr v. National Discount Corpora-*

occur whether or not the arrest was valid. The other two could occur if these officers were acting without proper authority.

Before going further we must answer the basic question of whether the city police officers were without authority to arrest plaintiff outside of Flint for conduct other than that which initiated the pursuit (speeding).

There is no case law which directly answers the question. MCLA 117.34; MSA 5.2114 *supra* states that when a person

"has committed * * * any * * * misdemeanor within a city * * * the police officers of the city shall have the same right to pursue, arrest and detain such person without the city limits as the sheriff of the county."

When pursuit crosses the city limits, the officers assume the power and authority of a county sheriff. Certainly a sheriff has the right to protect himself and others in effecting an arrest. Certainly a sheriff has the authority and duty to do what is reasonable under the circumstances to effect an arrest. Certainly a sheriff has the authority to arrest for resistance, breach of peace and assault against his person. The "right to arrest and detain" carries with it the right to use reasonable force in case of resistance.

An officer may legally call for and receive help if the occupants of the pursued car proceeded to threaten or actually do bodily harm to him. We should not say to police officers that they should pursue law violators beyond their local governmental bounds but, if there is a breach of peace or if they are assaulted or if the suspect resists

*tion* (CA 6, 1949), 172 F2d 899, *cert den* 338 US 817 (70 S Ct 59, 94 L Ed 495); 12 Michigan Law & Practice, False Imprisonment, § 3, p 299; see *Leisure v. Hicks* (1953), 336 Mich 148 [57 NW2d 473]."

arrest, that they cannot arrest for those violations or call for help for fear that those called will be prosecuted. Such a finding would most certainly result in lax law enforcement. Offenders of all degrees might be expected to head for a governmental unit's limits as they now head for the state line.

The statutory right of a police officer to pursue across city limits and to assume the rights of a sheriff in so doing encompasses the right to arrest for the resistance and breach of the peace or the assault of a police officer following that pursuit, if such be the facts.

We seek to achieve a balance between protecting citizens from arbitrary arrests and preserving the authority of those charged with enforcing our laws. In this case, our conclusions are as follow:

## SUMMARY

The police may pursue a violator outside the city limits in order to make an arrest and in doing so are clothed with the authority of a sheriff. The police have the right to use that force reasonable under the circumstances to effect such an arrest. The police also may take what action is reasonable to protect themselves in the course of an arrest or an attempted arrest. So much is clear.

It must necessarily follow that there are legal sanctions available to the officers. It would be contrary to common sense and respect for law and debilitating to law enforcement generally if an offender could be "home free" because he manages to cross the limits of a local governmental unit.

Therefore, it is our opinion that (1) if the pursuit is legally justified and (2) if, in the course of effecting a resultant lawful arrest by reasonable

means, the police officers are assaulted or such arrest is resisted or a breach of the peace is committed by actions against the officers, they have the right also to arrest without warrant for such offenses.

The instructions to the jury, therefore, were in error by stating that officers Bade and Korb had no legal authority to arrest plaintiff except for the original offense and in the conclusion that taking plaintiff into custody and placing him in jail constituted false arrest and false imprisonment. It was, therefore, also erroneous to instruct the jury that plaintiff had the right to use "such physical force as was necessary to prevent his unlawful arrest".

This opinion does not go to the merits of the instant matter which is the subject for jury determination.

## DISPOSITION

We reverse and remand for a new trial consistent with this opinion.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, and LEVIN, JJ., concurred with M. S. COLEMAN, J.

J. W. FITZGERALD, J., did not sit in this case.