## The People v. Jacob R. Chappell.

*Statute construed : Careless use of fire-arms : Malice.* A prosecution under "An act to prevent the careless use of fire-arms" (*Comp. L.*, § 7550), can not be had, and there can be no lawful conviction under it, where the use is not careless, but intended and malicious.

In such prosecutions the absence of malice is a statutory requisite, and no statutory ingredient of any offense can be disregarded. If lacking, the offense cannot exist.—*Koster v. People, 8 Mich., 431.*

*Statute construed: Felony: Misdemeanor.* The statutory provision (*Comp. L.,* § *7919*) that no person shall be acquitted of a misdemeanor because the proofs show a felony, cannot apply to a statutory offense where the misdemeanor could not be included in any felony, and where the offense proved would be inconsistent with that charged, instead of being an aggravation of it.

*Practice in criminal cases: Nolle prosequi.* Where the whole facts proved went to negative the offense charged, and there was nothing tending to sustain it, the certificate sent down in answer to the exceptions directed a *nolle prosequi.*

*Heard July 15. Decided July 22.*

Exceptions from Saginaw Circuit.

*Byron D. Ball, Attorney General,* for the People.

*Wisner & Draper,* for respondent.

CAMPBELL, J.

Respondent was convicted under an information charging him with maiming one Daniel Forrest by discharging a loaded pistol, pointed and aimed intentionally, but without malice.

Upon the trial the testimony tended to show that the weapon was used either in self defense (which was indicated by strong proofs), or with a criminal intent, and maliciously. The court, among other things, was asked to charge that if the act was done with malice, the defendant could not be convicted under the information. This was refused, and the court said, in response to the request: "I refuse so to charge you. The respondent, in a case of this kind, and in this case, cannot ask an acquittal because he is shown to have been guilty of a crime of a higher grade than that charged. It is fortunate for him, if he is guilty, that the people have not charged him with as high a grade of crime as they might have done."

The statutory offense with which he was charged was under section 3 of "An act to prevent the careless use of fire-arms."—*Comp. L.,* § *7550.* The statute was designed to punish a class of acts done carelessly, but without any design of doing mischief, and the various sections must, under our constitution, be construed so as to conform to the title. The absence of malice is as necessary an ingre-

dient in the statutory definition as the use of fire-arms. And the offense is purely statutory.

It is a rule of statutory construction that no conviction can lawfully be had under a charge of a statutory offense if any of the named qualifications are not proven.—*Koster v. People, 8 Mich., 431.* This rule is well settled, and can not be departed from without a plain violation of the legislative enactment. The penalty prescribed can only be imposed on offenders who have come within the prohibition. If their acts are of another nature, they must be charged according to the facts, and not in contradiction to them.

The provision in *section 7919 of the Compiled Laws,* that no person shall be acquitted of a misdemeanor because the facts prove a felony, can have no application to any case where the offense proven would be directly contradictory of a statutory provision. The cases to which this rule applies are usually those where a felony includes a misdemeanor, and is made up of the lesser offense, with some additional, but not contradictory element, so that there is no variance in the proofs. But it is manifestly impossible for an act to be at the same time malicious and free from malice. The statute, as before stated, was aimed at acts where no harm was designed, and proof of malice is not merely proof of something beyond the statute. It is inconsistent with the statute in its chief design.

The ruling was erroneous, and the conviction cannot be maintained. Upon the facts shown, which had no tendency to make out the statutory charge, · the defendant should have been acquitted.

The conviction must be set aside, and vacated. As the facts all show without contradiction that the respondent cannot have been guilty under the statute, the prosecution should not be further pressed. It is not desirable, therefore, to discuss the questions raised upon the charge. Let it be certified to the circuit court that the verdict should be set aside, and a *nolle prosequi* entered.

The other Justices concurred.