### PEOPLE *v.* McCULLY.

CARELESS USE OF FIREARMS—EVIDENCE—DIRECTING VERDICT.

> The absence of malice is an essential ingredient of the offense created by 2 How. Stat. § 9111, providing that any person who shall discharge, without injury to any other person, any firearm, while intentionally, without malice, aimed at or towards any person, shall be guilty of a misdemeanor, etc.; and where, in a prosecution under said statute, it appears from the undisputed testimony that a feud existed between the complaining witness and the accused, that the shooting was accompanied by threats, and that the weapon was deliberately aimed at such witness, and deliberately fired, verdict should be directed for the respondent.

Exceptions before judgment from Genesee; Wisner, J. Submitted November 21, 1895. Decided December 10, 1895.

James McCully was convicted of a violation of the statute relating to the careless use of firearms. Conviction reversed and prisoner discharged.

*Henry C. Van Atta,* for appellant.

*George F. Brown,* Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted under an information charging a violation of section 9111, 2 How. Stat., which provides that any person who shall discharge, without injury to any person, any firearm,

while intentionally, without malice, aimed towards any person, shall be guilty of a misdemeanor, and shall be liable to a fine of not less than $100, or imprisonment in the county jail not to exceed one year, or both, at the discretion of the court. The court charged the jury that it was an essential ingredient of the offense that the absence of malice be shown. Respondent's counsel asked that the jury be instructed to find a verdict for the respondent, on the ground that the evidence of the prosecution tended to show that there was malice.

A careful examination of the record convinces us that the instruction should have been given. The evidence shows that a feud existed between the complaining witness and the accused; that the shooting was accompanied by threats; that the weapon was deliberately aimed at the complaining witness, and deliberately fired. It was not permissible for the jury to ignore this proof, which was uncontradicted. As was said in *People* v. *Chappell,* 27 Mich. 486, this section, when construed in connection with the title of the act, which is, "An act to prevent the careless use of firearms," must be held to have been designed to punish acts done carelessly, without design of doing mischief. We feel constrained to hold that that case rules the present.

Conviction reversed, and prisoner discharged.

The other Justices concurred.