PEOPLE *v.* MITCHELL.

CRIMINAL LAW—TRIAL—FAILURE OF RESPONDENT TO TAKE STAND
  —WITNESSES—STATUTES.

On the trial of a criminal cause in which respondent did not
    take the stand as a witness in his own behalf, it was prejudi-
    cial error for the court to charge the jury that they should
    not give the fact any unfair consideration (3 Comp. Laws,
    § 10211), since the jury were, by inference, permitted to give
    the fact consideration.

Exceptions before sentence from Wexford; Lamb, J.
Submitted January 20, 1911. (Docket No. 180.) De-
cided February 1, 1911.

William Mitchell was convicted of keeping a place
where intoxicating liquors were sold in a county that had
adopted prohibition of the liquor traffic.    Reversed.

*William Yearnd,* Prosecuting Attorney, for the peo-
ple.

*Gaffney & Miltner,* for respondent.

BIRD, J.   The information in this case charged the re-
spondent with keeping a place where intoxicating liquors
were sold, given away, and furnished, contrary to Act No.
207, Pub. Acts 1889,[1] as amended.   A trial was had, and
the respondent was found guilty, and he has brought the
case to this court for review on exceptions before sentence.

The defendant assigns error upon that part of the
charge of the trial court wherein he instructed them that:

"The respondent has not seen fit to take the stand and
testify in his own behalf.   That is a privilege that he may
exercise or not, just as he sees fit.   He has a right to take
the stand and testify in his own behalf.   He also has a
right to refrain from testifying.   That is a matter of his
own choice entirely, and you are not to give that fact any

[1] 2 Comp. Laws, § 5412.

unfair consideration if he does not choose to take the stand and testify in his own behalf."

Defendant's counsel contends that—

"To state that they should not give it any unfair consideration, is not enough, because such statement allows them to consider it for what it was worth. * * *"

The respondent had a right to be a witness in his own behalf, or not, as he chose. If he chose to refrain from testifying, no presumptions were thereby created against him, and the jury had no right to consider it in any manner or for any purpose. We think that, when the trial judge instructed the jury that they should give it no unfair consideration, he inferentially said to them that they might give it a fair consideration, and that they could consider it so long as they did not do so unfairly. Under the statute, the jury did not have even that right. Section 10211, 3 Comp. Laws, provides:

"That a defendant in any criminal case or proceeding shall only, at his own request, be deemed a competent witness, and his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect."

The language of this statute indicates that the legislature that passed it meant to leave no room for doubt of its intention to protect respondents in criminal cases in this right, and, if we are to construe it so as to give it that effect, we must hold that the trial court was in error in so instructing the jury.

Counsel also assigns error on the failure of the people to produce certain witnesses whose names were indorsed in the information; but, as this question is not likely to arise on a retrial of the case, it will be unnecessary to discuss it.

The judgment of the trial court is reversed, and a new trial ordered.

OSTRANDER, C. J., and HOOKER, MOORE, and McALVAY, JJ., concurred.