PEOPLE v. PETERSON.

1. CRIMINAL LAW—STATUTES—FIREARMS—NEGLIGENT USE—MAL-ICE.

Respondent, charged under the statute with discharging a revolver while intentionally, without malice, aimed at certain persons, should have been discharged upon a record showing that he did the act maliciously in a state of intoxication. 3 Comp. Laws, § 11510.

2. SAME—INTOXICATION—TRIAL.
    And if he was so intoxicated at the time that he was incapable of forming an intent, he should have been acquitted.[1]

3. SAME—PRIVILEGE—WITNESSES.
    In the charge of the court to the jury, it was error to comment on the fact that respondent did not take the stand in his own behalf. 3 Comp. Laws, § 10211.

Error to Lapeer; Smith J. Submitted April 20, 1911. (Docket No. 127.) Decided May 8, 1911.

William H. Peterson was convicted of the careless use of a firearm. Reversed.

*Percy W. Grose,* for appellant.

*Herbert W. Smith,* Prosecuting Attorney, for the people.

STONE, J. The respondent was convicted under an information charging that he did at the time and place named "discharge, without injuring any person, a firearm, while intentionally without malice aimed at and toward Wyman Draper, Clarence Sherman, Arthur Reed, and Jum Elliott, contrary," etc.; the information being filed under section 11510, 3 Comp. Laws.

Three of the persons last above named were sworn as witnesses on behalf of the people. It appeared from their testimony that on the night of December 12, 1910, at about the hour of 11 o'clock, the respondent, who was engaged in business in the village of North Branch, came out of his place of business onto the street; that they were standing on the opposite side of the street from respondent; that, when he saw the witnesses, he said to them, "You fellows will get your eye full. I will get you sons of bitches;" that respondent then re-entered his shop, and in a few minutes came out armed with a revolver; that they immediately started to run; that re-

[1] As to what intoxication will excuse crime, see note in 36 L. R. A. 465.

spondent followed them, and called out, "Halt, I'll get you;" that at the corner of the street the respondent, while looking for the witnesses, fell, and, upon rising, he fired the revolver toward them; that the witnesses ran because of his threats, and because they were afraid he had a gun, and would hurt them; and that respondent appeared to be angry and somewhat intoxicated. The respondent did not testify in his own behalf.

At the close of the evidence, counsel for the respondent moved the court to discharge the respondent, for the reason that it appeared from the evidence that respondent made threats and acted with malice, and that the shooting was not careless within the meaning of the statute. The motion was overruled and an exception taken.

In its charge to the jury the trial court used the following language:

"But there is evidence in this case, gentlemen, to go to you for your consideration as to whether or not this respondent was intoxicated. And I think this is the correct view of this statute that it could apply to a case where the respondent was so intoxicated that he did not know what he was about and incapable of forming any intention. Suppose, for instance, that it were true (I am not saying that it is) that this respondent had been drinking, and that he was in such a mental condition that he was prepared to say anything, indulge in threats, threaten to do up these young men or any other men he might happen to see or fancy were annoying him. If he were so much under the intoxication that he was incapable of forming an intent to either kill, maim, or injure these young men, simply got the gun and fired it on the ground or in the air, or even pointed it toward these young men, if his mind was in such a condition that he did not know what he was about, then I say there is evidence to go to this jury. And, if they believe these facts beyond a reasonable doubt, then they could say the act was not done with malice; that his mind was incapable of having malice as the law describes malice.

"A legal description of malice would be an act accompanied with a malicious intent, an intent to injure, an intent as applied to this class of actions to do some serious harm, but, if the respondent were in that mental condi-

tion that he could not have any such intent as that, then he cannot be said to have malice such as I have described of a man who would do those acts not intoxicated and in his right mind. So I say to you, if you find beyond a reasonable doubt that this respondent was so under the influence of liquor, that he was incapable of forming an intent to injure these young men, or if he was incapable of having malice, as it is usually described, and it was simply a drunken act, that of going out and firing the gun upon the streets of North Branch regardless of whether he hit any one or not, then he is guilty under this statute.   *   *   *

"It may be true that if the respondent had testified he may have shown such acts on the part of these young men as to offer some excuse for a loss of temper, if it was due to a loss of temper, but you must take this case as it is before you, and it is before you only upon the testimony of these three young men and the village marshal."

The respondent was convicted and sentenced, and the case is here upon a bill of exceptions. Error is assigned upon the refusal of the court to grant the motion to discharge the respondent, and upon the portions of the charge above quoted.

The statute under which the information was filed is entitled "An act to prevent the careless use of firearms." In the case of *People* v. *Chappell*, 27 Mich. 486, Justice CAMPBELL, in construing this statute, said:

"The statute was designed to punish a class of acts done carelessly, but without any design of doing mischief, and the various sections must, under our Constitution, be construed so as to conform.to the title. The absence of malice is as necessary an ingredient in the statutory definition as the use of firearms. And the offense is purely statutory."

See, also, *People* v. *McCully*, 107 Mich. 343 (65 N. W. 234); *Bahel* v. *Manning*, 112 Mich. 24–29 (70 N. W. 327, 36 L. R. A. 523, 67 Am. St. Rep. 381); *Shriver* v. *Bean*, 112 Mich. 508–516 (71 N. W. 145). The evidence all tended to show malice and ill will on the part of respondent, and we think that the motion to discharge the respondent should have been granted.

We are of opinion, also, that the court erred in its charge upon the subject of intoxication. If the respondent was so intoxicated that he was incapable of forming or entertaining an intent, it is difficult to see how he could be guilty of intentionally aiming the revolver toward the persons named.

Error is also assigned upon the charge relating to the fact that respondent had not testified as a witness in his own behalf. It is urged that it was the right of the respondent to go to the jury without any statement of the court as to what might have been shown by respondent's testimony had he taken the stand. We think that the jury's attention should not have been challenged upon this subject under the evidence disclosed in this record, and no comment was proper upon the subject. *People* v. *Mitchell*, 164 Mich. 583 (129 N. W. 698). We should hesitate, however, to reverse the case upon this point. It is not likely to occur upon a new trial.

For the errors pointed out, the judgment below is reversed, and a new trial granted.

MOORE, McALVAY, BROOKE, and BLAIR, JJ., concurred.