604 N.W.2d 66 (1999)
The PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Rene COOPER, Defendant-Appellee.
No. 114277, COA No. 213076.
Supreme Court of Michigan.
November 10, 1999.
On order of the Court, the application for leave to appeal from the February 19, 1999 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
CORRIGAN, J., dissents and states as follows:
I would grant leave to appeal because the Court of Appeals and the circuit court exceeded the proper scope of their review in reversing the district court's decision to bind defendant over on the charge of attempted indecent exposure. MCL 750.92, 750.335a; MSA 28.287, 28.567(1).

I
This case arises from an unusual series of events that occurred shortly after midnight on November 25, 1997. The complainant and her sister drove to a Detroit gas station to purchase a beverage about 12:30 A.M. The complainant stayed in the car while her sister went inside the gas station. As she waited in the car, the complainant noticed defendant sitting in his van parked only ten or fifteen feet away. Defendant then removed his jacket and t-shirt, rendering him naked above the waist. The complainant called to her sister to return to the car because "it was in the middle of winter and he was taking off his t-shirt and his jacket ... [she] didn't know what he was going to do."
Next, defendant turned on the van's interior light and "put his left leg up on, not the dashboard but maybe like a pocket on the side of the door inside of the car," exposing a portion of his unclothed leg. Defendant then "started rolling his body, making movements with is [sic] body, with his hands ... pretty much putting his hands up on the ceiling of the car and rolling his body, making movements with his body." Defendant was also twirling women's underwear on his finger. On completing these acts, defendant backed his van behind the gas station.
Defendant drove off after the complainant's sister returned to the car. The women exited the lot and drove away, but defendant began to follow them in his van. The complainant attempted to lose defendant by making a U-turn, but defendant continued to follow her car. She eventually eluded defendant and drove back toward the gas station.
Meanwhile, a Detroit police officer arrived at the gas station in response to a call from the gas station attendant. The attendant called the police because defendant had driven back and forth through the station "several times," eventually parking his van near the building. Defendant then left his van. The attendant observed defendant, while wearing a white t-shirt, "flash" back to the van, but could not see him from the waist down.
The complainant saw the police officer as she passed the gas station and turned into the parking lot to speak with him. While leaving the station a few minutes later, the complainant noticed defendant's van parked in a lot across the street. She made a U-turn and notified the officer. The officer approached defendant and stopped him as he attempted to drive away. In response to the officer's order, defendant exited the van, revealing that he was naked below the waist.
Although the prosecutor charged defendant with indecent exposure and with being a sexually delinquent person, M.C.L. § 767.61a; MSA 28.1001(1), the district court bound defendant over on the lesser *67 charge of attempted indecent exposure. The circuit court, however, granted defendant's motion to quash, reasoning that defendant had exposed himself to no one but the arresting officer. The Court of Appeals affirmed.[1]

II
The Court of Appeals and the circuit court improperly substituted their view of the evidence for that of the district court. The circuit court, as well as the appellate courts, review a bindover decision for an abuse of discretion. People v. Justice (After Remand), 454 Mich. 334, 344, 562 N.W.2d 652 (1997). An abuse of discretion arises only where an unprejudiced person, considering the facts upon which the court acted, would say no justification or excuse for the ruling existed. People v. Orzame, 224 Mich.App. 551, 557, 570 N.W.2d 118 (1997).
In People v. Goecke, 457 Mich. 442, 469-470, 579 N.W.2d 868 (1998), we explained the prosecutor's evidentiary burden at the preliminary examination:
For purposes of preliminary examination, the proofs adduced must only establish probable cause to believe that a crime was committed and probable cause to believe that the defendant committed it. If the district court determines that "probable cause exists to believe both that an offense not cognizable by the district court has been committed and that the defendant committed it," the defendant must be bound over for trial. MCR 6.110(E). Some evidence must be presented regarding each element of the crime or from which those elements may be inferred. People v. Doss, 406 Mich. 90, 100-101, 276 N.W.2d 9 (1979). It is not, however, the function of the examining magistrate to discharge the accused when the evidence conflicts or raises a reasonable doubt of the defendant's guilt; that is the province of the jury. Id. at 103, 276 N.W.2d 9.
As this Court explained in Justice, supra at 344, 562 N.W.2d 652, quoting Coleman v. Burnett, 155 U.S.App.D.C. 302, 317, 477 F.2d 1187 (1973), "`a showing of probable cause may stop considerably short of proof beyond a reasonable doubt, and evidence that leaves some doubt may yet demonstrate probable cause.'"
In this case, the prosecutor charged defendant with indecent exposure. The statute, M.C.L. § 750.335a; MSA 28.567(1), provides:
Any person who shall knowingly make any open or indecent exposure of his or her person or of the person of another shall be guilty of a misdemeanor, punishable by imprisonment in the county jail for not more than 1 year, or by a fine of not more than $500.00, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life: Provided, That any other provision of any other statute notwithstanding, said offense shall be triable only in a court of record.
The district court, however, did not bind defendant over as charged, but rather bound him over on the lesser charge of attempted indecent exposure.
An attempt consists of: "(1) an intent to do an act or to bring about certain consequences which would in law amount to a crime; and (2) an act in furtherance of that intent which, as it is most commonly put, goes beyond mere preparation." 2 LaFave & Scott, Substantive Criminal Law, § 6.2, p. 18; see also People v. Adams, 416 Mich. 53, 58, n. 5, 330 N.W.2d 634 (1982). Mere preparation is distinguished from an attempt in that the former consists of making arrangements or taking steps necessary for the commission of a crime, while the attempt itself consists of some direct *68 movement toward commission of the crime that would lead immediately to the completion of the crime. People v. Pippin, 316 Mich. 191, 195, 25 N.W.2d 164 (1946). [People v. Jones, 443 Mich. 88, 100, 504 N.W.2d 158 (1993).]
The district court did not abuse its discretion in finding probable cause to believe that defendant attempted the offense of indecent exposure. Defendant first removed his clothing and turned on the interior light of his van to permit the complainant, only ten to fifteen feet away, to see him in the darkness. Defendant then exposed a portion of his bare leg, and "rolled" his body upward while putting his hands on the ceiling of his van. Again, defendant attempted to elevate his body so that the complainant could view him through the window of his van. Defendant apparently performed these acts while twirling women's underwear on his finger. The district court reasonably concluded that these acts constituted an attempt, i.e., a direct movement toward the commission of the completed offense. Defendant's behavior, directed at a woman seated ten to fifteen feet away, involved more than mere preparation.
On this record, the circuit court and the Court of Appeals exceeded the scope of review in determining that probable cause did not support the bindover decision. Because I cannot say that the district court's decision to bind over on the attempt charge lacked any justification or excuse, I would grant the prosecutor's application for leave to appeal.
WEAVER, C.J., and YOUNG, Jr., J., join in the statement of Justice CORRIGAN.
NOTES
[1] Unpublished opinion per curiam, issued February 19, 1999 (Docket No. 213076).