# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DORIAN LAMARR PRICE,

      Defendant-Appellant.

UNPUBLISHED
June 1, 2017

No. 330710
Wayne Circuit Court
LC No. 15-004825-01-FC

Before: M.J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

SHAPIRO, J. (*concurring in part and dissenting in part*).

I respectfully dissent from the majority's ruling on the question whether the convictions for AWIGBH and felonious assault were inconsistent.

I agree with my colleagues that the fact-finder was properly instructed.[1] The "negative element" of "without intending to commit murder or inflict great bodily harm" is not given to the fact-finder because the lack of that intent is not an element that must be proven beyond a reasonable doubt. For purposes of the fact-finder's inquiry, it is irrelevant whether the defendant's actions were done with or without an intent to do great bodily harm. See *People v Doss*, 406 Mich 90, 97-99; 276 NW2d 9 (1978).

However, this does not resolve the question before us. The phrase, "without intending to commit murder or inflict great bodily harm" is present in the statute defining felonious assault. MCL 750.82. It, therefore, must have legal meaning. Courts of law must give meaning to all the words in a statute and must avoid a treatment that renders portions of the statutory language

---

[1] This was a bench trial. Thus, the trial court acted in two separate roles: as the fact-finder on issues of fact and as the trial court on issues of law. I will refer to these roles separately even though in bench trials judges sometimes blur the distinction. Blurring that distinction is generally of little consequence. However, in this case it is significant because, although the judge acted properly in the role of fact-finder, he made a legal error. Moreover, the issue before us is more likely to arise when the fact-finder is a jury.

surplusage or nugatory. *People v Wilcox*, 486 Mich 60, 69 n 22; 781 NW2d 784 (2010). I believe, consequently, that the majority is in error when it treats the phrase as nugatory and without any effect. Simply because the fact-finder does not consider the "negative elements" within a statute does not mean that those concepts are legally void and that they should not be considered by the trial judge prior to entry of a judgment. See *Doss*, 406 Mich at 99 (stating that, although a prosecutor is not required to present evidence to a jury that a defendant acted "without malice" in order to obtain a guilty verdict for manslaughter, "the absence of malice is fundamental to manslaughter in a general definitional sense").[2]

To convict a defendant of assault with intent to do great bodily harm, the trier of fact must, per the instructions, affirmatively find that the defendant acted "with intent to do great bodily harm" – if it fails to so find, the defendant must be acquitted of the charge. M Crim JI 17.7; MCL 750.84; See *People v Jaffray*, 445 Mich 287, 296; 519 NW2d 108 (1994) (stating that a conviction requires proof on the essential elements of the crime). At the same time, a finding that a defendant acted "with intent to do great bodily harm" is irrefutably inconsistent with the language of MCL 750.82, that felonious assault occurs where there is an assault, with a weapon, but "without inten[t] to commit murder or inflict great bodily harm."

For these reasons, although I agree with the majority that the fact-finder reached a proper verdict, I disagree with its implicit conclusion that judgment may be entered on that verdict. Prior to entry of judgment the court, in its legal role, must determine whether a conviction legally comports with *all* the language in the statute even that which is not instructed upon. When a fact-finder makes an *affirmative* finding that unequivocally contradicts a *negative* element provided for in the statute, then it is the responsibility of the trial court, in its role as guardian of the law, to apply that plain language and set aside that conviction.

---

[2] Aside from *Doss*, the only other two cases noted by the majority, *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013) and *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014) are simply cited to show the elements of AWIGBH and felonious assault. However, as stated, I agree with the majority that the phrase "without intending to . . . inflict great bodily harm" is not an affirmative element of felonious assault. And neither case addresses the question before us. *Nix* refers to the elements of felonious assault when discussing whether defendant may be scored for it under OV 13 even though the crime was not charged. *Nix*, 301 Mich App at 204-205. There is no indication in the opinion that a finding, whether judicial or by a jury, that defendant committed felonious assault would be inconsistent with defendant's convictions for second degree child abuse, MCL 136b(3)(b), or third-degree fleeing and eluding, MCL 257.602(3)(a). See *id.* at 203-206. More to the point perhaps, the felonious assault that the trial court scored under OV 13 had nothing to do with the charges for which the defendant was convicted; it concerned him pointing a rifle at someone else on a different day. *Id.* at 205. Similarly, in *Stevens*, there was no issue concerning possible inconsistent verdicts. The only charge was AWIGBH. *Stevens*, 306 Mich App at 621-622. The case concerned PRV scoring, and the quoted language from the case is simply the review of the elements of the offense in the context of defendant's claim that there was insufficient evidence. *Id.* at 624-625, 628.

This recognition does not affect the well-settled principle that juries are allowed to reach inconsistent verdicts, *People v Vaughn*, 409 Mich 463, 466; 295 NW2d 354 (1980). In this case, the verdicts - in light of the instructions given - are not inconsistent. The case-law allowing juries to enter inconsistent verdicts focuses on situations where an acquittal of one charge, such as an underlying felony, makes it impossible for the jury to have found the existence of all of the affirmative elements to a charge on which it convicted. See *People v Lewis*, 415 Mich 443, 446-447, 450-453; 330 NW2d 16 (1982) (the jury acquitted on an underlying felony yet convicted of felony-firearm) and *People v Chelmicki*, 305 Mich App 58, 64-67; 850 NW2d 612 (2014) (the jury convicted of unlawful-imprisonment yet acquitted on the separate charge of arson, which was the underlying felony to the unlawful-imprisonment charge). In those cases, the jury was instructed on all the elements set forth in the statute including all the language that makes their ultimate findings appear contradictory. If they choose to reach an inconsistent verdict in such a setting, we do not inquire into their reasoning.

In this case, however, the findings on the AWIGBH charge did not contradict the verdict on the felonious assault charge since the latter contained no affirmative element that the defendant not have the intent to do great bodily harm. The fact-finder's verdict, based upon the elements before it, contained no inconsistency. That does not mean, however, that the "negative element" in MCL 750.82 is nugatory; it means that the trial court, rather than the fact-finder, has the responsibility to consider whether the fact-finder's determination contradicts the statutory language (the "negative element") that the fact-finder never considered. By its unambiguous language, the statute defining felonious assault states that a felonious assault has not occurred where the defendant acted with an intent to commit murder or an intent to inflict great bodily harm. By entering a judgment of conviction for both AWIGBH and felonious assault, the trial court failed to give meaning to the statute as written.[3]

Defendant's convictions for both of these offenses as presented in this case are inconsistent as a matter of law. Therefore, I would remand with direction to vacate the conviction for felonious assault. Given my view that the felonious assault conviction must be vacated, I would not reach the double jeopardy question.[4]

/s/ Douglas B. Shapiro

---

[3] Courts are required to "give 'plain meaning to the words actually used' in a statute." *People v March*, 499 Mich 389, 398; 886 NW2d 396 (2016) quoting *People v Williams*, 491 Mich 164, 175; 814 NW2d 270 (2012).

[4] As to the ineffective assistance of counsel claim, I largely agree with the majority. Defense counsel's failure to move for a directed verdict was ineffective. I am uneasy with the majority's assumption that the underlying failure of proof would have been corrected rather than remanding for a finding in that regard. Nevertheless, because this was a bench trial, I agree that there was an overwhelming likelihood that the judge would have permitted the prosecutor to reopen proofs to present evidence of defendant's prior convictions. Had this been a jury trial, I might view the matter differently and would likely have remanded for further findings.