# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BENJAMIN KEITH MCKEWAN,

Defendant-Appellant.

FOR PUBLICATION
October 25, 2018

No. 339068
Isabella Circuit Court
LC No. 2016-001924-FH

Before: STEPHENS, P.J., and SHAPIRO and GADOLA, JJ.

GADOLA, J. (*dissenting*)

The majority vacates defendant's conviction for felonious assault, MCL 750.82, on the ground that the jury rendered mutually exclusive verdicts by finding defendant guilty of both felonious assault and assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84. I respectfully dissent and would affirm defendant's convictions for both felonious assault and AWIGBH.

Felonious assault is statutorily defined as an assault on "another person with a gun, revolver, pistol . . . or other dangerous weapon *without inten[t] to commit murder or to inflict great bodily harm less than murder*." MCL 750.82 (emphasis added). In contrast, AWIGBH is statutorily defined as an assault on "another person *with intent to do great bodily harm, less than the crime of murder*." MCL 750.84 (emphasis added). Based on these statutory definitions, the majority holds that the two offenses are mutually exclusive when premised on the same underlying act because a defendant is incapable of committing a single assault both with and without the intent to inflict great bodily harm less than murder.

However, the convictions presently at issue are not mutually exclusive. Our Supreme Court held in *People v Doss*, 406 Mich 90, 99; 276 NW2d 9 (1979), that negative concepts, such as the absence of an element, must not be treated as positive elements of a crime. Specifically, the issue confronted in *Doss* was whether the absence of malice was an affirmative element the prosecution was obligated to establish in order to prove the crime of manslaughter. *Id*. at 97. "Manslaughter" was statutorily defined as the injuring and causing of another's death " 'by the discharge of any firearm, pointed or aimed, intentionally but *without malice*, at any such person.' " *Id*., quoting MCL 750.329 (emphasis added). Our Supreme Court concluded that the absence of malice was not an essential element of manslaughter, reasoning that "[w]hile the absence of malice is fundamental to manslaughter in a general definitional sense, it is not an

-1-

actual element of the crime itself which the people must establish beyond a reasonable doubt." *Id*. at 99.

The reasoning set forth in *Doss* applies with equal force in the present case. Although the absence of intent to inflict great bodily harm less than murder is fundamental to felonious assault in a "general definitional sense," it is not a positive element the prosecution must establish, or that the jury must find, beyond a reasonable doubt.[1] Indeed, the elements necessary to prove felonious assault are " '(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery.' " *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013), quoting *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Meanwhile, the elements necessary to prove AWIGBH are " '(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder.' " *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005), quoting *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997). Notably absent from the elements necessary to prove felonious assault is a lack of intent to inflict great bodily harm less than murder. By comparison, the existence of such intent is an element necessary to prove AWIGBH. Thus, the two offenses do not incorporate mutually exclusive elements.

This rationale is consistent with this Court's analysis of the same issue in *People v Price*, unpublished per curiam opinion of the Court of Appeals, issued June 1, 2017 (Docket No. 330710), pp 3-4, lv gtd 910 NW2d 301 (2018), in which the Court concluded that convictions for felonious assault and AWIGBH premised on the same underlying act are not mutually exclusive. Relying on *Doss*, this Court held in *Price* that "[t]he absence of intent to commit murder or to inflict great bodily harm less than murder is fundamental to felonious assault 'in a general definitional sense,' but it is not an actual element of the crime itself." *Id*. at 3, quoting *Doss*, 406 Mich at 99. In examining the elements necessary to establish the two offenses, the Court observed that felonious assault requires the use of a dangerous weapon but does not require the intent to do great bodily harm less than murder, while AWIGBH does not require the use of a dangerous weapon but does require the intent to do great bodily harm less than murder. *Id*. at 3-4. Thus, the Court's analysis demonstrated that the two offenses are mirror images of each other

---

[1] The reason for this is easily understood. To require the prosecution to prove, as an element of felonious assault or any other similarly defined criminal offense, a lack of a particular intent would be to assign the prosecution the near impossible task of proving a negative in order to obtain a conviction. This task would be all the more daunting were it to require, as it would here, proving the absence of a particular state of mind. Such an outcome cannot be what was intended when the Legislature defined the crime of felonious assault, any more than it could have been what was intended when it established the elements of manslaughter. Rather, with regard to intent, the Legislature has merely described something that is *not* part of the prosecution's burden in establishing the crime of felonious assault. This is precisely the point made by our Supreme Court in *Doss* when it stated, "In the instant case, 'without malice' is the absence of an element, rather than an additional element which the people must prove beyond a reasonable doubt." *Doss*, 406 Mich at 99.

and are not mutually exclusive. Following a bench trial, the trial court in *Price* found that the defendant had assaulted the victim both with a dangerous weapon and with the intent to inflict great bodily harm less than murder. *Id*. at 4. Thus, the trial court found the defendant guilty of felonious assault, as he committed the assault with a dangerous weapon, and of AWIGBH, as he assaulted the victim with the intent to inflict great bodily harm less than murder. *Id*. This Court upheld the convictions, holding that because "[t]he trial court's verdicts may be reconciled with its factual findings, it did not render inconsistent verdicts." *Id*., citing *People v Ellis*, 468 Mich 25, 27; 658 NW2d 142 (2003).

The majority relies on this Court's analogous opinion in *People v Davis*, 320 Mich App 484, 493-495; 905 NW2d 482 (2017), lv gtd 910 NW2d 301 (2018), in which the Court concluded that the offenses of aggravated domestic assault and AWIGBH incorporated mutually exclusive elements of intent. Like felonious assault, aggravated domestic assault is statutorily defined as being committed " 'without intending to commit murder or to inflict great bodily harm less than murder.' " *Id*. at 490, quoting MCL 750.81a. The Court recognized, however, that

> *a unique wrinkle exists in this case because the jury did not actually make contradictory findings* in reaching two mutually exclusive guilty verdicts. The trial court did not instruct the jury that in order to convict defendant of aggravated domestic assault it had to find that defendant did not act with intent to do great bodily harm. The only intent mentioned by the court was "either to commit a battery, or to make [the victim] reasonably fear an immediate battery." [*Id*. at 494 (emphasis added).]

The Court further acknowledged our Supreme Court's holding in *Doss* that negative elements such as the lack of intent to inflict great bodily harm less than murder are not affirmative elements that must be proven by the prosecution or on which the jury must be instructed by the trial court. *Id*. at 494-495. Nonetheless, the Court concluded that "[t]his does not nullify the error of convicting defendant of mutually exclusive offenses" on two grounds. *Id*. First, the prosecution should have levied the charges as alternate grounds for conviction. *Id*. Second, the trial court should have either reinstructed the jury regarding the alternate nature of the two offenses or vacated one of the convictions. *Id*.

The Court's conclusion in *Davis* is fundamentally at odds with our Supreme Court's holding in *Doss* and with its own recognition in *Davis* that the prosecution was not compelled to prove contradictory elements, nor was the jury required to make contradictory findings in reaching its guilty verdicts. Such circumstances lead to the conclusion that the two offenses at issue were not, in fact, mutually exclusive. Accordingly, there was no reason for the prosecution to levy the charges as alternate grounds or for the trial court to reinstruct the jury or vacate one of the convictions.[2] The same analysis holds true in the present case.

---

[2] In the present case, the majority maintains that it was incumbent on the trial court to review the verdict because the jury was not instructed regarding the negative element set forth in MCL

-3-

Moreover, *Davis'* comparison to *United States v Daigle*, 149 F Supp 409 (DDC, 1957), aff'd 248 F2d 608 (1957), is untenable. In *Daigle*, the court determined that convictions of embezzlement and larceny stemming from the same transaction were mutually exclusive. *Id*. at 414. A conviction for embezzlement required the jury to find that the defendant had unlawfully converted property owned by another but that was lawfully in the defendant's "possession or custody by virtue of his employment or office." *Id*. at 412, citing DC Code 22-1202. However, in order to convict the defendant of larceny, the jury was required to find that the defendant had taken property owned by another that defendant had no right to possess, i.e., the traditional notion of "stealing." *Id*. at 414. Therefore, by finding the defendant guilty of both charges, the jury in *Daigle* necessarily made the affirmative and contradictory findings that the defendant came into his initial possession or custody of the property at issue both lawfully (embezzlement) and unlawfully (larceny).

In contrast to *Daigle*, the jury in *Davis* was not required to make contradictory findings resulting in mutually exclusive verdicts. In order to find the defendant guilty of AWIGBH, the jury necessarily found that the defendant acted with the intent to inflict great bodily harm. However, as discussed above, in order to find the defendant guilty of aggravated domestic assault, the jury was not required to find the absence of the intent to do great bodily harm less than murder. Accordingly, as acknowledged by the Court in *Davis*, "the jury did not actually make contradictory findings." *Davis*, 320 Mich App at 494. Likewise, in the present case, although the jury was required to find that defendant acted with the intent to do great bodily harm less than murder with respect to AWIGBH, it was not required to find the absence of such intent with respect to felonious assault. *Daigle* is therefore inapposite to both *Davis* and the present case.[3]

Because the offenses are not mutually exclusive, I would affirm defendant's convictions of both felonious assault and AWIGBH.

/s/ Michael F. Gadola

---

750.82 and was therefore unaware that the two charged offenses conflicted. But again, because the statutory offenses at issue do not incorporate inconsistent affirmative elements that must be proven by the prosecution, no conflict arose. Therefore, there was no need for the trial court to either instruct the jury or to nullify the jury's conclusions.

[3] Additionally, as it was decided by the United States District Court for the District of Columbia, *Daigle* does not represent binding authority. See *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004) ("Although lower federal court decisions may be persuasive, they are not binding on state courts.").